IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD LEVON BUCHANAN,

                              **Plaintiff,**

        v.                                                       CASE NO. 19-3103-SAC

**DANNY K. STANTON, et al.,**

                              **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

      Plaintiff Ronald Levon Buchanan brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. Mr. Buchanan is a pretrial detainee at the Johnson County Adult Detention Center in Olathe, Kansas. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

### I. Nature of the Matter before the Court

      Plaintiff's complaint (ECF No. 1) alleges defendants recklessly gave him a medication to which he is allergic. In late August of 2018, Mr. Buchanan complained of leg pain. Nursing staff employed by Correct Care Solutions, with approval from Dr. Danny K. Stanton, administered IBU-600 to Plaintiff three times a day over the course of seven weeks. Plaintiff alleges he began to have severe allergic reactions at some point. He made repeated complaints to medical staff and deputies, both in person and on the kiosk provided for such purpose. On September 18, 2018, he was rushed to the medical unit because he was having difficulty breathing, his face was swollen, and his vision was blurred. Nurse Molly LNU administered an allergy shot. Plaintiff saw Dr.

Stanton on September 21, 2018, and the doctor questioned why he was taking IBU-600. After Nurse Molly LNU explained, the doctor continued Plaintiff on the IBU-600 until October 19, 2018. Plaintiff continued to suffer painful reactions and was treated at the emergency room on October 16, 2018; November 26, 2018; and November 30, 2018.

Plaintiff names as defendants Dr. Stanton, Correct Care Solutions (CCS), Wellpath, and the Johnson County Sheriff's Department. He requests relief in the form of $250,000 in compensatory damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise

a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

**Failure to state a claim of a constitutional violation**

Plaintiff brings three counts in his complaint. All three allege violation of Kansas statutes. As noted above, in a § 1983 action, the complaint must specify "the violation of a right secured by the Constitutional and laws of the United States, and . . . that the deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007). "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Thus, Plaintiff's allegations that state statutes were violated state no claim under § 1983.

While Plaintiff does not allege a violation of his federal constitutional rights, claims based on the inadequate provision of medical care fall under the Eighth Amendment. "A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Mata v. Saiz,* 427 F.3d 745, 751 (10th Cir. 2005) (citing *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). The protections provided by the Eighth Amendment do not directly apply to pretrial detainees, such as Mr. Buchanan. *See Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979). However, under the Fourteenth Amendment, pretrial detainees are "entitled to the degree of protection against denial of medical attention which applies

to convicted inmates under the Eighth Amendment." *Shue v. Laramie Cty. Det. Ctr.*, 594 F. App'x 941, 944–45 (10th Cir. 2014) (quoting *Martinez v. Beggs,* 563 F.3d 1082, 1088 (10th Cir. 2009).

An inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 106. The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz,* 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden,* 430 F.3d 1302, 1304 (10th Cir. 2005).

To satisfy the objective component, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle,* 429 U.S. at 104, 105; *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). A medical need is sufficiently serious if "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez,* 430 F.3d at 1304 (citing *Sealock,* 218 F.3d at 1209 (quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (citing *Riddle v. Mondragon,* 83 F.3d 1197, 1204 (10th Cir. 1996) (quotation omitted)).

It is well-settled that deliberate indifference requires more than mere negligence. *See Farmer,* 511 U.S. at 835. Thus, the complaint that a physician, or other medical staff member,

was negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle,* 429 U.S. at 106; *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind...." Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle,* 429 U.S. at 105–106 (footnote omitted).

In this case, Mr. Buchanan repeatedly refers to the defendants' actions as "medical malpractice" and alleges defendants acted "recklessly." As explained above, medical malpractice does not state a claim under § 1983. However, reckless action can. Recklessness in terms of the state of mind required to establish deliberate indifference is "akin to 'recklessness in the criminal law,' where, to act recklessly, a 'person must 'consciously disregard' a substantial risk of serious harm.'" *Self v. Crum,* 439 F.3d 1227, 1231 (10th Cir. 2006) (quoting *Farmer*, 429 U.S. at 837, 839).

The Court finds that Mr. Buchanan's complaint does not contain sufficient factual allegations to demonstrate deliberate indifference. For instance, the complaint does not make clear 1) whether Plaintiff had a known allergy to ibuprofen when IBU-600 was prescribed; 2) if so, whether Plaintiff informed Defendants of that allergy and whether the allergy was documented in his jail medical record; and 3) if not, when the allergy to ibuprofen was established.

However, even if Mr. Buchanan's allergy to ibuprofen was known and documented in his medical record at the facility when Dr. Stanton prescribed IBU-600, he does not necessarily state a claim for deliberate indifference. *See Brown v. Prison Health Services, El Dorado Correctional Facility*, 159 F. App'x. 840 (10th Cir. 2005) (affirming dismissal of prisoner's § 1983 complaint where doctor prescribed medication despite notes in the plaintiff's medical file indicating his

6

allergy to that particular drug where there was no indication that doctor knowingly prescribed an inappropriate medication); *Peterson v. Creany*, No. 14-CV-01916-REB-NYW, 2015 WL 13730677, at *6 (D. Colo. Nov. 12, 2015)("In this Circuit, allegations that a doctor inadvertently prescribed the wrong medication are insufficient to state an Eighth Amendment claim."); *Erickson v. Newberry*, No. 07-cv-00618-WDM-BNB, 2008 WL 2690719 (D. Colo. July 3, 2008) (administering codeine where prisoner had documented allergy not deliberate indifference); *Burns v. Huss*, No. 10-cv-2691-WJM-CBS, 2013 WL 2295422 (D. Colo. May 24, 2013) (failure to review plaintiff's medical file prior to prescribing drug to which plaintiff was allergic not deliberate indifference).

In any event, Plaintiff has failed to state facts sufficient to support a plausible claim of deliberate indifference. Plaintiff is given time to allege additional, sufficient facts or show cause why this action should not be dismissed for failure to state a claim in federal court of a federal constitutional violation.

**Failure to state a claim against Johnson County Sheriff's Department**

The Johnson County Sheriff's office is not a suable entity. *See e.g. Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department' is not a separate suable entity."); *see also Moore v. Diggins*, 633 F. App'x 672, 677 (10th Cir. 2015) (holding the Denver Sheriff's Department "is not a suable entity under § 1983"); *Faulkner v. Correct Care Sols.*, No. 13-3127-SAC, 2013 WL 5499815, at *4 (D. Kan. Oct. 3, 2013)(finding the Johnson County Sheriff's Department is not a suable entity); *Burnett v. McPherson Cty. Sheriff's Dep't*, No. 07-3038-SAC, 2008 WL 161681, at *3 (D. Kan. Jan. 16, 2008)(McPherson County Sheriff's Department is not a person within the meaning of §1983 and is not a suable entity); *Williams v. Clay Cty. Police Dep't*, No. 10-CV-2658-EFM, 2011 WL 2294257, at *3 (D. Kan. June 8, 2011),

7

aff'd, 442 F. App'x 396 (10th Cir. 2011)("It is well established that under Kansas law, police departments lack the capacity to be sued."); *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3892243, at *5 (D. Kan. Sept. 29, 2010)(Sedgwick County Sheriff's Department is not a legal entity amendable to suit). Therefore, the Johnson County Sheriff's Department is subject to summary dismissal.

**Failure to state a claim against Correct Care Solutions**

While CCS may be considered as a person acting under color of state law for purposes of § 1983, it may not be held liable based upon respondeat superior – that is, solely because it employs someone who violated the Constitution. *See Rascon v. Douglas*, 718 F. App'x 587, 589–90 (10th Cir. 2017); *Spurlock v. Townes*, 661 F. App'x 536, 545 (10th Cir. 2016); *Green v Denning*, 465 F. App'x 804, 806 (10th Cir. 2012); *Livingston v. Correct Care Solutions*, No. 07-3256-SAC, 2008 WL 1808340, at *1-2 (D. Kan. Apr. 17, 2008). To be liable under § 1983, Plaintiff must allege facts showing a policy or a custom of CCS that caused his injury. *See Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 691–94 (1978) (stating requirements for pursuing a § 1983 claim against a municipality); *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 (10th Cir. 2003) (extending *Monell* requirements to a private entity performing a state function); *Wabuyabo v. Correct Care Sols.*, 723 F. App'x 642, 643 (10th Cir. 2018) ("[T]o state a claim against CCS, [Plaintiff] must identify an official policy or custom that led to the alleged constitutional violation."). Plaintiff has failed to allege such facts. Therefore, his claim against CCS is subject to dismissal for failure to state a claim.

**Failure to state a claim against Wellpath**

Wellpath is listed by Plaintiff as a separate defendant in the caption of the complaint but referred to within the complaint as "Correct Care Solutions/Wellpath." If Wellpath is a separate

entity against whom Plaintiff is making a separate claim, the same defects as described with Plaintiff's claim against CCS would apply to his claim against Wellpath.

**IV. Motion**

Also before the Court is a Motion of (Prison Condition) Relief (ECF No. 9) filed by Plaintiff. The motion states it is made pursuant to K.S.A. 21-5416 and K.S.A. 21-5429. K.S.A. 21-5416 is a Kansas statute delineating the crime of mistreatment of a confined person. K.S.A. 21-5429 is also a Kansas statute, and it describes the crime of endangerment. Neither statute is applicable in this federal civil rights action. Plaintiff's motion is denied.

**V. Response Required**

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file an amended complaint in which he (1) alleges sufficient facts to state a claim for a federal

---

[1] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (19-3069-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

constitutional violation and show a cause of action in federal court; and (2) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **August 23, 2019**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **August 23, 2019**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion of (Prison Condition) Relief (ECF No. 9) is **denied**.

**IT IS SO ORDERED.**

DATED: This 23rd day of July, 2019, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**