# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RONALD LEVON BUCHANAN,**

                **Plaintiff,**

      v.                                                  CASE NO. 19-3103-SAC

**DANNY K. STANTON, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Mr. Buchanan proceeds *pro se* and *in forma pauperis*. Plaintiff alleges defendants recklessly gave him a medication to which he is allergic. Plaintiff seeks relief in the form of $250,000 in compensatory damages.

On July 23, 2019, the Court entered a Memorandum and Order to Show Cause (ECF No. 10)("MOSC") ordering Plaintiff to show cause by August 23, 2019, why this matter should not be dismissed due to the deficiencies set forth. The MOSC stated that if Plaintiff failed within the time allotted to file a response, this action could be dismissed without further notice. Plaintiff has not responded to the MOSC.

As explained in the MOSC, Mr. Buchanan's complaint is subject to dismissal because he failed to state a federal constitutional claim. Plaintiff alleges only violations of state statutes, which state no claim under § 1983 because "a violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Even if the complaint were liberally construed to be making a constitutional claim of deliberate indifference,

1

Plaintiff fails to allege facts sufficient to support such claim. Mr. Buchanan repeatedly refers to the defendants' actions as "medical malpractice" and alleges defendants acted "recklessly." Medical malpractice does not state a claim under § 1983. *Estelle v. Gamble,* 429 U.S. 97, 105-06 (1976). While reckless actions can rise to the level of deliberate indifference (*see Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006)), Plaintiff does not include sufficient allegations to demonstrate the defendants consciously disregarded a substantial risk of serious harm as required to state a claim.

For this reason, Plaintiff's complaint is dismissed.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice.

**IT IS SO ORDERED.**

**DATED: This 18th day of September, 2019, at Topeka, Kansas.**

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**