IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RONALD LEVON BUCHANAN,**

**Plaintiff,**

v.                                                              CASE NO. 19-3103-SAC

**DANNY K. STANTON,**

**Defendant.**

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion filed by Plaintiff. On September 18, 2019, the Court entered a Memorandum and Order (ECF No. 11) dismissing the complaint for failure to state a claim after Plaintiff failed to respond to an order to show cause.

Plaintiff's motion (ECF No. 13) merely asks the Court for a ruling in his favor on his claims. To the extent it could be considered a motion to reconsider the dismissal of the complaint, it is denied.

A motion to reconsider may be granted where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Relief on a motion to reconsider is

"extraordinary and may be granted only in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).

Plaintiff's motion does not demonstrate any basis for relief. First, it does not address the tardiness of his response to the show cause order. The motion was received by the Court with a letter (ECF No. 14) and an amended complaint (ECF No. 15). It appears all three documents were mailed in the same envelope, which bears a stamp indicating it was received by jail staff for mailing on either August 20 or 29, 2019. The envelope is also stamped with "Postage Due .15¢." These documents were not received by the Court until September 27, 2019, well after the deadline to respond to the show cause order (August 23, 2019) and after the case had been dismissed on September 18, 2019.

The prison mailbox rule provides that a pro se prisoner's filing will be considered timely if given to facility officials for mailing prior to the filing deadline, regardless of when the court receives the documents. *Price v. Philpot*, 420 F.3d 1158, 1164, 1166 (10th Cir. 2005). However, to receive the benefit of the rule, first class postage must be prepaid. *Id.*

Here, the deadline for Plaintiff to respond to the show cause order was August 23, 2019. Therefore, the documents may have been received by jail staff prior to the deadline, but because postage was not fully prepaid, Plaintiff does not receive the benefit of the mailbox rule and his response was not timely.

Moreover, even if the amended complaint had been filed in a timely manner, it would still be subject to dismissal for failure to state a claim under § 1983. The MOSC identified the complaint's primary deficiency as the fact that Plaintiff alleged Dr. Stanton was negligent in his treatment of Plaintiff. To state a claim for constitutionally inadequate medical treatment under the Eighth Amendment, a prisoner must allege "deliberate indifference to serious medical

2

needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).  It is well-settled that deliberate indifference requires more than mere negligence.  *See Farmer v. Brennan,* 511 U.S. 825, 835 (1994).  Thus, the complaint that a physician, or other medical staff member, was negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  *Estelle,* 429 U.S. at 106; *Wilson v. Seiter,* 501 U.S. 294, 297 (1991).  While Plaintiff provides more factual allegations in the amended complaint, he continues to refer to Defendant's negligence and has not included allegations that Defendant was deliberately indifferent.  In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Martinez v. Garden,* 430 F.3d 1302, 1305 (10th Cir. 2005) (citing *Riddle v. Mondragon,* 83 F.3d 1197, 1204 (10th Cir. 1996) (quotation omitted)).  As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind...." Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle,* 429 U.S. at 105–106 (footnote omitted).

To the extent Plaintiff's motion could be considered a motion to reconsider the dismissal of his complaint, it is denied for the reasons stated herein.

**IT IS THEREFORE ORDERED** that that Plaintiff's motion for relief (ECF No. 13) is **denied**.

**IT IS SO ORDERED.**

DATED:  This 23rd day of April, 2020, at Topeka, Kansas.

                                              s/ Sam A. Crow          
                                              **SAM A. CROW**  
                                              **U.S. Senior District Judge**